# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERROLD OPHER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BLANCHE CARNEY, et al. | : | NO. 17-729 |

**FILED**
FEB 23 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**STENGEL, J.**                                                                                     FEBRUARY 23, 2017

Plaintiff Terrold Opher, a prisoner at the Alternative and Special Detention Division in Philadelphia, brings this action pursuant to 42 U.S.C. § 1983, based on allegations that he fell in the shower at the Philadelphia Detention Center and sustained injuries. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   FACTS

Plaintiff alleges that on January 16, 2017, he was showering in section 304 of the Philadelphia Detention Center. The drain cover in the shower he was using was detached and slid out of place, causing plaintiff's foot to get caught on the drain. Plaintiff fell and injured his lower back. He informed the guard, who wrote an incident report and immediately sent plaintiff for medical attention. Plaintiff was given ice packs and ibuprofen, and was instructed to follow up with sick call, which he did. He has continued to receive ibuprofen.

Plaintiff initiated this civil rights lawsuit against: (1) Blanche Carney, the Commissioner of the Philadelphia Prison Systems; (2) Terence Clark, Warden of the Philadelphia Detention

Center; and (3) Jim Kenney, the Mayor of Philadelphia. He seeks damages to compensate him for his back injury.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). There are no allegations in the complaint that would allow this Court to find that the defendants have violated plaintiff's constitutional rights. Even if prison officials were negligent with respect to the condition of the shower drain, negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Furthermore, plaintiff states that he

---

[1] However, as plaintiff is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

received medical treatment for his injuries immediately after he fell and that he received follow up care for his injuries.

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court concludes that amendment would be futile because it is apparent that plaintiff is seeking to recover for conduct that at most amounts to negligence, which is not actionable under § 1983.  An appropriate order follows, which shall be docketed separately.